Mark F. Anderson (SBN 44787)
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Telephone: (415) 651-1951
Fax: (415) 500-8300
mark@aoblawyers.com

Attorneys for Plaintiff Dewayne O. Byrd

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dewayne O. Byrd,<br><br>    Plaintiff,<br><br>    v.<br><br>Equifax Information Services, LLC, a Georgia limited liability company,<br><br>    Defendants. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act<br>15 USC § 1681 et seq)<br><br>DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1. This is an action for damages by plaintiff Dewayne O. Byrd against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA).

**The Parties**

2. Plaintiff Dewayne O. Byrd is a resident of San Francisco, California.

3. Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company that regularly conducts business in this district and is a national credit reporting agency the activities of which are subject to the terms of the FCRA.

**Jurisdiction & Venue**

4. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

5. The defendant does business in this district and the facts in part arose in this district.

**Description of the Case**

6. On March 28, 2013, a judgment was entered in the Superior Court of New Jersey, Law Division, Essex County, case number DC-003220-13 against Dewayne Byrd on behalf of the plaintiff Baxter Financial LLC.

7. Plaintiff was not the Dewayne Byrd who was the judgment debtor in the New Jersey civil action. The judgment debtor was some other person named Dewayne Byrd.

8. Beginning in or about March 2013, Equifax has been reporting that plaintiff Dewayne Byrd is the judgment debtor. Experian and Trans Union also reported the judgment belonged to plaintiff Dewayne Byrd.

9. Plaintiff learned about the credit bureaus' erroneous credit reporting in or about October 2013.

10. In October 2013, plaintiff contacted the attorneys for Baxter Financial LLC and explained that the judgment was being reported to the credit bureaus even though it was not his debt. In response, Baxter Financial filed a motion with the court to vacate the judgment and on October 22, 2013, the Court vacated the judgment. A copy of the order vacating the judgment is attached as Exhibit "A."

11. Plaintiff sent dispute letters to Equifax, Trans Union and Experian on or about October 2013; on July 16, 2014; and on February 23, 2015. In each letter, plaintiff explained that he was not the person named in the New Jersey judgment and that consequently the report should not be on his credit report.

12. In response to the first and second set of letters, Equifax, Trans Union and Experian refused to correct his credit reports leaving the report of a judgment on his credit reports.

13. With his February 23, 2015, letter, plaintiff enclosed a copy of the order vacating the judgment again explaining the judgment was vacated and it was never his debt. In response, Experian and Trans Union deleted the report that plaintiff was a judgment debtor. However, defendant Equifax failed and refused to conduct a reasonable investigation concerning the dispute and refused to delete the report concerning the New Jersey judgment.

14. As a result of Equifax's conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration. Plaintiff will continue to suffer the same for an indefinite time in the future, all to his great detriment and loss.

**First Claim: Violations of the Fair Credit Reporting Act—Against Equifax**

15. Plaintiff incorporates by reference ¶¶ 1 through 14.

16. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i (a) (1) (A).

17. In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

18. Within the two years preceding the filing of this complaint, plaintiff notified Equifax of inaccuracies contained in its reports and asked it to correct the inaccuracies.

19. Equifax failed to conduct a reasonable reinvestigation of the inaccuracies that

Plaintiffs disputed.

20. Equifax failed to review and consider all relevant information submitted by plaintiff.

21. Equifax failed to employ and follow reasonable procedures to assure maximum possible accuracy of plaintiff's credit reports, information and file in violation of 15 USC § 1681e(b).

22. As a result of the above-described violations of § 1681i and § 1681e (b), plaintiff has sustained damages.

23. Equifax's violations of the FCRA were willful and therefore plaintiffs is therefore entitled to also seek statutory and punitive damages.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. Injunctive relief;
3. Costs and attorney's fees; and
4. Such other relief as the Court may deem proper.

Dated: March 30, 2015.

ANDERSON, OGILVIE & BREWER LLP

By  */s/ Mark F. Anderson*
     Mark F. Anderson
     Attorney for Plaintiff

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: March 30, 2015.

ANDERSON, OGILVIE & BREWER LLP

By  */s/ Mark F. Anderson*
     Mark F. Anderson
     Attorney for Plaintiff